IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SS BODY ARMOR I, INC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-11255 (PJW)<br><br>(Jointly Administered) |
| SS BODY ARMOR I, INC., SS BODY ARMOR II, INC., and SS BODY ARMOR III, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MILCO INDUSTRIES, INC.,<br><br>Defendant. | Adv. Proc. No. _____ (PJW) |

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 and 550**

SS Body Armor I, Inc., SS Body Armor II, Inc., and SS Body Armor III, Inc., on behalf of all affiliated debtors (collectively, "Plaintiff" or the "Debtors"), for their complaint for Avoidance and Recovery of Preferential Transfers, allege as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: SS Body Armor I, Inc. (9361) f/k/a Point Blank Solutions, Inc., SS Body Armor II, Inc. (4044) f/k/a Point Blank Body Armor, Inc.; SS Body Armor III, Inc. (9051) f/k/a Protective Apparel Corporation of America; and PBSS LLC (8203). All correspondence and pleadings for the Debtors must be sent to SS Body Armor I, Inc. et al., c/o CRG Partners, LLC, 477 Madison Ave., Suite 1220, New York, NY 10022, Attn: T. Scott Avila, Chief Restructuring Officer.

## Nature of the Action

1.    Plaintiff brings this action against the Defendant (defined below) to avoid and recover certain preferential transfers that occurred during the 90-day period prior to commencement of the Debtors' bankruptcy proceedings.

## The Parties

2.    On April 14, 2010 (the "Petition Date"), each of SS Body Armor I, Inc., SS Body Armor II, Inc., SS Body Armor III, Inc., and PBSS LLC commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continued in the possession of their property and the operation and management of their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code through the time of the sale of substantially all of their assets.

3.    Plaintiffs SS Body Armor I, Inc., and SS Body Armor II, Inc., are privately held corporations duly licensed and existing pursuant to the laws of the State of Delaware. Plaintiff SS Body Armor III, Inc., is a privately held corporation duly licensed and existing pursuant to the laws of the State of Florida

4.    Defendant Milco Industries, Inc. (the "Defendant") was, at all times material hereto, a vendor to the Debtors, and provided vest fabric to Plaintiff. Defendant is a corporation formed under the laws of the State of Pennsylvania.

**Jurisdiction and Venue**

5. The Court has jurisdiction over this matter under the Bankruptcy Code and pursuant to 28 U.S.C. § 157(a) and §1334(a). Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

6. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and is a core proceeding under 28 U.S.C. §157(b).

7. The statutory and legal predicates for the relief sought herein are sections 502, 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**The Business Relationship Between the Debtors and Defendant**

8. At all times material hereto, the Debtors were leading manufacturers and providers of bullet, fragmentation and stab resistant apparel and related ballistic accessories, used domestically and internationally by military, law enforcement, security and corrections personnel, as well as government agencies. The Debtors' products were sold through a variety of means, including a corporate sales force, sales agents and a network of distributors.

9. In the ordinary course of their businesses, the Debtors maintained relationships with various entities, through which the Debtors regularly purchased, sold, received, or delivered goods and services. The Debtors also regularly paid for services to facilitate their inventory, including for shipping, transportation, and warehousing.

10. Debtors purchased vest fabric from the Defendant.

11. During the course of their relationship, the parties engaged in numerous transactions, that are reflected in invoices, communications and other documents (collectively, the "Agreements").

12. Debtors and Defendant conducted business with one another up to and through the Petition Date pursuant to the Agreements.

### Transfers to Defendant Made Within 90 Days Prior to the Petition Date

13. During the 90-day period prior to the commencement of Debtors' bankruptcy cases (the "Preference Period"), the Debtors transferred property to or for the benefit of Defendant through payments aggregating an amount not less than $26,956.44. The details of each and every one of the transfers (the "Preferential Transfers") are set forth on Exhibit A, which is attached hereto and incorporated by reference. All of the prepetition transfers that are the subject of the Complaint were made pursuant to the Debtors' integrated cash management system in effect prior to the Petition Date from an account maintained in the name of Debtor SS Body Armor II, Inc.

14. Plaintiff acknowledges that some of the Preferential Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which the Defendant bears the burden of proof under section 547(g) of the Bankruptcy Code. Plaintiff will work with Defendant to exchange applicable information in an effort to resolve any and all factual issues with respect to potential defenses.

### First Claim for Relief
**(Avoidance of Preferential Transfers pursuant to 11 U.S.C. § 547(b))**

15. Plaintiff repeats and realleges each of the allegation set forth above as if fully set forth herein.

16. During the Preference Period, Defendant was a creditor of one or more of the Debtors by virtue of supplying goods for which the Debtors were obligated to pay following delivery, in accordance with the Agreement. As noted above, per the Debtors' integrated cash management system in effect prior to the Petition Date, all of the prepetition transfers that are the

subject of the Complaint were made from an account maintained in the name of Debtor SS Body Armor II, Inc.

17. Each Preferential Transfer identified in Exhibit A was made to the Defendant.

18. Each Preferential Transfer was made for or on account of an antecedent debt or debts owed by Debtors to Defendant before such Preferential Transfers were made, as asserted by Defendant and memorialized in the invoices identified in Exhibit A, each of which constituted "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtors.

19. Each Preferential Transfer was made during the Preference Period.

20. Each Preferential Transfer was made while the Debtors were insolvent.

21. Each Preferential Transfer enabled Defendant to receive more than Defendant would have received if (i) the transfers and/or payments had not been made, or (ii) Defendant received payment on account of the debt paid by the Preferential Transfers to the extent provided by the Bankruptcy Code.

22. Each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code §547(b).

### Second Claim for Relief
**(Recovery of Preferential Transfers pursuant to 11 U.S.C. § 550)**

23. Plaintiff repeats and realleges each of the allegation set forth above as if fully set forth herein.

24. Defendant was the initial transferee of the Preferential Transfers.

25. Each Preferential Transfer that is avoided under §547(b) is recoverable pursuant to Bankruptcy Code §550.

26.  Subject to potential defenses, the Plaintiff is entitled to recover the value of the Preferential Transfers pursuant to Bankruptcy Code §550(a).

**WHEREFORE,** the Plaintiff prays for judgment as follows:

1.  For a determination that the Preferential Transfers are avoidable as preferential transfers under Section 547 of the Bankruptcy Code, and that Plaintiff is entitled to recover the transfers under Section 550 of the Bankruptcy Code;

2.  For costs of suit incurred herein, including, without limitation, attorneys' fees;

3.  For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

4.  For such other and further relief as the Court may deem just and proper.

Dated: April 13, 2012

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Curtis A. Hehn*

Laura Davis Jones (Bar No. 2436)
Andrew W. Caine (CA Bar No. 110345)
Curtis A. Hehn (Bar No. 4264)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
　　　　acaine@pszjlaw.com
　　　　chehn@pszjlaw.com
　　　　tcairns@pszjlaw.com

Counsel for Plaintiff/Debtors

# EXHIBIT A

| VENDOR | CK# | CKDate | EXHIBIT A<br>Invoice# | InvDate | Payment Amount |
|---|---|---|---|---|---|
| MILCO INDUSTRIES, INC. | 13805 | 5-Feb-10 | 80614 | 20-Nov-08 | $4,144.00 |
| | 7694 | 12-Mar-10 | 82817 | 3-Nov-09 | $4,997.00 |
| | 7694 | 12-Mar-10 | 82982 | 1-Dec-09 | |
| | 7984 | 8-Apr-10 | 82982 | 1-Dec-09 | $12,091.48 |
| | 7984 | 8-Apr-10 | 83365 | 2-Feb-10 | |
| | 8103 | 13-Apr-10 | 40910 | 9-Apr-10 | $5,723.96 |
| | | | | | $26,956.44 |